FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 9 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01757-BNB

COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT,
        Plaintiff,

v.

EARL H. BRAUCH, and
BRAUCH ENTERPRISES II,
        Defendant.

---

## ORDER FOR SUMMARY REMAND

---

Defendant, Earl H. Brauch, commenced this action by filing *pro se* a Notice of Removal (Doc. #1), a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. #2), and a Motion to Compel Discovery (Doc. #3).  Pursuant to the Notice of Removal, Mr. Brauch removed to this Court case number 10CV5769 from the District Court of Jefferson County, Colorado.  On July 22, 2011, Plaintiff filed a Motion to Dismiss or Remand Defendant's Removal (Doc. #4) arguing that the action improperly was removed from state court and asking the Court to remand the case to state court and to award costs and attorneys' fees.  On August 22, 2011, Mr. Brauch filed a response titled Reply to Plaintiff's Motion to Dismiss or Remand Defendant's Removal (Doc. #9).  Mr. Brauch also has submitted with his response a Motion to Amend Reply to Plaintiff's Motion to Dismiss or Remand Defendant's Removal (Doc. #9-1), a document titled Cross-Claim and Counterclaim (Doc. #9-2), a document titled Notice of Lis Pendens Cross-Claim and Counterclaim (Doc. #9-3), and an Affidavit of Earl H. Brauch (Doc. #9-4).

The Court must construe the papers filed by Mr. Brauch liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff's Motion to Dismiss or Remand Defendant's Removal will be granted and the action will be remanded to the state court. The 28 U.S.C. § 1915 motion will be granted. All other pending motions will be denied as moot.

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005). Furthermore, "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

The Court has reviewed the Notice of Removal and finds that it is deficient. First, the Notice of Removal was not filed in a timely manner as required under § 1446(b). Although Plaintiff contends that the Notice of Removal was timely filed within thirty days after the state court issued an order on June 6, 2011, the Court does not agree that the state court's June 6 order, which directed Plaintiff either to move for default judgment or

2

to dismiss the action because Defendants had not filed an answer, is the operative date on which this action became removable. Most importantly, however, the Notice of Removal is deficient because Mr. Brauch fails to provide a short and plain statement of the grounds for removal that demonstrates this Court has jurisdiction over the instant action.

With respect to the jurisdiction question, although Mr. Brauch argues that the state court lacks jurisdiction, a question the state court has resolved against him by denying his motion to dismiss on jurisdiction grounds (**see** Doc. #1 at 56), he fails to demonstrate that this Court has subject matter jurisdiction over the claims asserted against him. In the Complaint, the Colorado Department of Public Health and Environment asserts two claims for relief alleging that Defendants have violated the Colorado Solid Wastes Disposal Sites and Facilities Act, Colo. Rev. Stat. §§ 30-20-100.5 to 122, the Colorado Regulations Pertaining to Solid Waste Sites and Facilities, 6 C.C.R. 1007-2, and a compliance order issued by Plaintiff. Mr. Brauch apparently has removed this action because he intends to raise a federal defense and because he wishes to assert one or more federal counterclaims. However, in order to remove a case to federal court on the basis of federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." **Caterpillar Inc. v. Williams**, 482 U.S. 386, 392 (1987). Except for narrow circumstances that do not appear to be present in this action, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." **See Johnson**, 404 F.3d at 1247. Therefore, because Mr. Brauch fails to demonstrate the existence of federal question jurisdiction, and he does not argue that

3

there is diversity of citizenship, the action will be remanded to the state court because the Court lacks subject matter jurisdiction. *See id.*

Finally, Plaintiff has requested an award of costs and attorneys' fees. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard to be applied in these circumstances is clear. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). It is not necessary to demonstrate bad faith in order to justify an award of costs and fees. *See Topeka Housing Authority*, 404 F.3d at 1248. "What *is* required to award fees, however, is a showing that the removal was improper *ab initio*." *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). Furthermore, the fact that Mr. Brauch is proceeding *pro se* does not prevent the Court from awarding costs and attorneys' fees. *See Topeka Housing Authority*, 404 F.3d at 1248.

For the reasons discussed above, it cannot reasonably be argued that the Court would have had subject matter jurisdiction over this action if the case had been filed in this Court originally. Therefore, the Court finds that Mr. Brauch's removal of the instant action was inappropriate, that he lacked an objectively reasonable basis for seeking removal, and that Plaintiff's request for costs and attorneys' fees should be granted. The Court will require Mr. Brauch to pay $200.00 to Plaintiff for its costs and attorneys' fees expended in defending this frivolous removal litigation. Although the Court

4

recognizes that $200.00 is less than Plaintiff's actual costs and expenses, the amount is fair and reasonable. *See id.* Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. #2) filed on July 5, 2011, is granted. It is

FURTHER ORDERED that Plaintiff's Motion to Dismiss or Remand Defendant's Removal (Doc. #4) filed on July 22, 2011, is granted. It is

FURTHER ORDERED that this action is remanded summarily to the Jefferson County, Colorado, District Court. It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the Jefferson County, Colorado, District Court. It is

FURTHER ORDERED that the Motion to Compel Discovery (Doc. #3) filed on July 5, 2011, and Plaintiff's Unopposed Motion for Enlargement of Time to Respond to Defendant's Counterclaim and Motion to Compel Discovery (Doc. #5) filed on July 22, 2011, are denied as moot. It is

FURTHER ORDERED that Defendant Earl H. Brauch is ordered to pay $200.00 to Plaintiff pursuant to 28 U.S.C. § 1447(c).

DATED at Denver, Colorado, this __29th__ day of __August__, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01757-BNB

Earl H Brauch and
Brauch Enterprises II
11825 Carmel Dr
Lakewood, CO 80215

Amber Roth
Jefferson County Clerk of Court
100 Jefferson County Parkway
Golden CO 80401

　　　I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on August 29, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
　　　　　　　　　　　Deputy Clerk